UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 12-30558 |
| | § | |
| ALBERT F. and CONNIE T. KALETA, | § | |
| | § | Chapter 7 |
| Debtors. | § | |
| | § | |
| THOMAS L. TAYLOR III, SOLELY IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR KALETA CAPITAL MANAGEMENT, INC., BUSINESSRADIO NETWORK, L.P. d/b/a BizRadio and DANIEL FRISHBERG FINANCIAL SERVICES, INC., d/b/a DFFS CAPITAL MANAGEMENT, INC., | § | ADV. NO. _____ |
| Plaintiff, | § | |
| v. | § | |
| ALBERT FASE KALETA, | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523

Thomas L. Taylor III ("Receiver"), solely in his capacity as Court-appointed Receiver for Kaleta Capital Management, Inc., BusinessRadio Network, L.P. d/b/a BizRadio and Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc. (respectively "KCM" "BizRadio" and "DFFS"), and all entities they own or control (collectively the "Receivership Entities"), files this Original Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523 (the "Complaint") and respectfully states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

### PARTIES

3. Receiver is a creditor and party-in-interest in the above-referenced bankruptcy.

4. Albert Fase Kaleta ("Kaleta") is an individual debtor in the above-referenced bankruptcy case and may be served with process pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(9) by serving copies of this Complaint and accompanying Summons on Kaleta at 4122 Waterview Ct., Missouri City, TX 77459, and on Kaleta's attorney of record, Dinesh Harikiran Singhal at 700 Louisiana Street, Suite 3850, Houston, TX 77002.

### STATEMENT OF FACTS

A. The SEC Enforcement Action

5. On November 13, 2009, the Securities and Exchange Commission (the "Commission") commenced the enforcement action *Securities and Exchange Commission v. Albert Fase Kaleta and Kaleta Capital Management, Inc., Defendants, and BusinessRadio Network, L.P. d/b/a BizRadio and Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc., Relief Defendants, Solely for the Purposes of Equitable Relief*, Civil Action No. 4:09-cv-03674, in the United States District Court for the Southern District of Texas, Houston Division (the "Enforcement Action"), alleging violations of § 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], § 10(b) of the Securities Exchange Act

of 1934 (the "Exchange Act") and Commission Rule 10b-5 promulgated thereunder [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5], and § 206 of the Investment Advisors Act of 1940 (the "Advisors Act") [15 U.S.C. § 80b-6] (collectively, the "Antifraud Provisions"). *See* Commission's Complaint (attached hereto as Exhibit B). On December 2, 2009 the district court appointed Thomas L. Taylor III as Receiver over all property, assets, and records of KCM, and all entities owned or controlled by it. *See* Agreed Order Appointing Receiver (as subsequently modified,[1] the "Receivership Order," attached hereto as Exhibit C).

6. Additionally on December 2, 2009, KCM and Kaleta were determined by the district court to have violated the Antifraud Provisions in connection with their sale of KCM securities to the public. *See* Agreed Judgment as to Defendants Albert Fase Kaleta and Kaleta Capital Management, Inc. (attached hereto as Exhibit E). The district court entered permanent injunctions as to Kaleta against future violations of the Antifraud Provisions. *Id*. The district court later ordered civil penalties and disgorgement against Kaleta in the amount of $3,246,979. *See* Final Judgment Against Defendant Albert Fase Kaleta (attached hereto as Exhibit F). Kaleta also has been barred from association with any investment adviser pursuant to § 203(f) of the Advisers Act [15 U.S.C. § 80b-3(f)]. *See In the Matter of Albert Fase Kaleta, Respondent*, Order Instituting Administrative Proceedings, SEC Administrative Proceeding File No. 3-13773, Release No. 2983, February 2, 2010.

**B. The Ancillary Action**

7. On August 23, 2011 the Receiver filed with the district court, as an action ancillary to the Enforcement Action, a complaint against Kaleta and other principals and

---

[1] On June 17, 2010 the district court expanded the Receivership Estate to include BizRadio, DFFS and all entities owned and controlled by them. *See* Order Modifying Order Appointing Receiver (attached hereto as Exhibit D).

affiliates of the Receivership Entities through which the fraudulent scheme alleged by the Commission was perpetrated, or to which assets of the Receivership Entities were fraudulently transferred (the "Ancillary Action").

8. The Receiver brought the Ancillary Action, *inter alia*, (1) on behalf of the Receivership Entities and the limited partners of BizRadio for the breach of fiduciary duties to those entities and limited partners by their officers, directors and general partner (including Kaleta), and (2) on behalf of the investors defrauded through the fraudulent scheme carried out by Kaleta and others for any transfer of investor funds from the Receivership Entities to Kaleta (and others) in violation of TEX. BUS. & COMM. CODE ANN. § 24.001, *et seq*. ("TUFTA").

9. On November 17, 2011 Receiver filed his First Amended Complaint (the "Amended Complaint," attached hereto as <u>Exhibit A</u>). Receiver hereby incorporates the Amended Complaint by reference.

10. Prior to filing an Answer to the Receiver's Amended Complaint, Kaleta filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on January 26, 2012 (the "Petition Date") thereby commencing the present proceeding. The Ancillary Action -- as to Kaleta -- is currently subject to the automatic stay arising from Kaleta's filing of the voluntary petition.

## CAUSES OF ACTION

11. Under the Bankruptcy Code, not every debtor is afforded a fresh start -- only the honest and unfortunate debtor. *Grogan v. Garner*, 498 U.S. 279, 287 (1991). The Bankruptcy Code excepts certain debts from discharge in section 523(a) of the Bankruptcy Code.

A. **Exception to Discharge Under Bankruptcy Code Section 523(a)(2)(A) for Debts Obtained by False Pretenses, False Representations and/or Actual Fraud**

12. Receiver incorporates by reference the allegations contained in Paragraphs 1 through 12 hereinabove, and in the Amended Complaint.

13. Section 523(a)(2)(A) of the Bankruptcy Code creates a rule of nondischargeability for any debt for money to the extent it was obtained "by false pretenses, a false representation, or actual fraud." 11. U.S.C. § 523(a)(2)(A).

14. The purpose of excepting debts from discharge caused by false representations, false pretenses, or actual fraud is to prevent debtors from retaining the benefits of property obtained by fraudulent means and to ensure that the relief intended for honest debtors does not benefit dishonest debtors. Consequently, debts resulting from money or property that has been obtained by false pretenses, false representations or by means of actual fraud are not dischargeable. *In re Cunningham*, 163 B.R. 657, 660 (Bankr. D. Mass. 1994).

15. The funds raised by Kaleta and others through KCM and BizRadio were obtained by and through the fraudulent scheme alleged against Kaleta and others by the Commission in the Enforcement Action, *see* Commission's Complaint, Ex. B ¶¶ 1-3, 12-17, and by the Receiver in the Ancillary Action. *See* Am. Compl., Ex. A ¶¶ 1-14, 31, 36-79.

16. Kaleta in turn -- and in violation of TUFTA -- caused KCM and BizRadio to transfer investor funds to him, directly and indirectly. These funds were transferred from KCM and BizRadio "with actual intent to hinder delay or defraud" KCM and BizRadio's creditors. TUFTA § 24.005(a)(1); *see* Am. Compl., Ex. A ¶¶ 122-26.

17. Kaleta is liable to the Receivership Estate for those transfers of investor funds from KCM and BizRadio to himself or for his benefit. The Receiver has a claim against Kaleta

to the extent of this liability, including for costs and reasonable attorney's fees pursuant to TUFTA § 24.013.

18. Accordingly, the Receiver is entitled to have the indebtedness owed by Kaleta exempted from Kaleta's chapter 7 bankruptcy discharge.

### B. Exception to Discharge Under Bankruptcy Code Section 523(a)(4) for Debts for Fraud or Defalcation While Acting in a Fiduciary Capacity

19. Receiver incorporates by reference the allegations contained in Paragraphs 1 through 18 hereinabove, and in the Amended Complaint.

20. Section 523(a)(4) of the Bankruptcy Code creates a rule of nondischargeability for any debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4).

21. Kaleta was an officer and/or director of KCM, BizRadio and DFFS, as alleged in the Amended Complaint, and under Texas law was a fiduciary to these Receivership Entities.[2]

22. Kaleta, while acting in a fiduciary capacity, perpetrated with others the fraudulent scheme alleged by the Commission in the Enforcement Action and by the Receiver in the Ancillary Action. Through both this fraudulent scheme and the fraudulent transfers alleged hereinabove and in the Amended Complaint, Kaleta caused harm to the Receivership Entities and/or conferred benefits on himself at their expense in breach of the fiduciary duties he owed. The harm caused by, and benefits conferred on, Kaleta include the use of investor funds for payments of compensation and personal expenses, as alleged in the Amended Complaint.

---

[2] As alleged in the Amended Complaint, Kaleta was an owner and control person of BusinessRadio, Inc., the general partner of BizRadio, and owed fiduciary duties to the limited partners of BizRadio as well. Am. Compl. ¶67, n. 4.

23. Kaleta is liable to the Receivership Estate for the damages caused to the Receivership Entities through Kaleta's defalcation of their assets while acting as a fiduciary to the Entities.

24. Accordingly, the Receiver is entitled to have the indebtedness owed by Kaleta exempted from Kaleta's chapter 7 bankruptcy discharge.

### C. Exception to Discharge Under Bankruptcy Code Section 523(a)(6) for Debts for Willful and Malicious Injury by the Debtor to Another Entity or Its Property

25. Receiver incorporates by reference the allegations contained in Paragraphs 1 through 24 hereinabove, and in the Amended Complaint.

26. Section 523(a)(6) of the Bankruptcy Code creates rule of nondischargeability for any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

27. The Fifth Circuit has held that "an injury is willful and malicious where there is either an <u>objective substantial certainty</u> of harm or a <u>subjective motive</u> to cause harm." *Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik)*, 670 F.3d 624 (5th Cir. 2012) (citing *In re Miller*, 156 F.3d 598, 606 (5th Cir. 1998); *In re Williams*, 337 F.3d 504, 508-09 (5th Cir. 2003)) (emphasis added) (internal citations omitted).

28. The fraudulent scheme perpetrated by Kaleta and others as alleged by the Commission in the Enforcement Action and by the Receiver in the Ancillary Action created "an objective substantial certainty of harm" to the Receivership Entities and the defrauded investors who now hold claims against the Receivership Estate.

29. Through the perpetration of the scheme Kaleta has demonstrated "a subjective motive to cause harm" to BizRadio and KCM, namely because (1) BizRadio was run by Kaleta

and others as a "loss leader" for DFFS, Am. Compl., Ex. A ¶¶ 72, 113, and (2) BizRadio and DFFS were supported financially with funds raised through KCM, and Kaleta, as an insider to all Receivership Entities, knew that KCM was not likely to receive repayment of those transfers to BizRadio and DFFS.

30. Kaleta is liable to the Receivership Estate for the damages caused to the Receivership Entities by the alleged fraudulent scheme, his receipt of fraudulent transfers from the Receivership Entities and any benefit conferred on him through his conduct.

31. Accordingly, the Receiver is entitled to have the indebtedness owed by Kaleta exempted from Kaleta's chapter 7 bankruptcy discharge.

## CONCLUSION AND PRAYER

Receiver respectfully requests that the Court:

(a) Determine that Kaleta's debt to the Receivership Estate is not dischargeable pursuant to 11 U.S.C. § 523;

(b) Award Receiver reasonable attorney's fees, expenses, and costs related to bringing this adversary proceeding;

(c) Award Receiver pre-judgment interest and post-judgment interest, at the highest rate allowed by law; and

(d) Grant Receiver such other and further relief, whether in law or in equity, to which he may be justly entitled.

Date: April 23, 2012                                Respectfully submitted,


                                                    THE TAYLOR LAW OFFICES, P.C.

                                                    By:  /s/ Thomas L. Taylor III

                                                    Thomas L. Taylor III
                                                    Texas State Bar: 19733700
                                                    taylor@tltaylorlaw.com
                                                    Andrew M. Goforth
                                                    Texas State Bar: 24076405
                                                    goforth@tltaylorlaw.com

                                                    4550 Post Oak Place Drive, Suite 241
                                                    Houston, Texas 77027
                                                    Tel:    (713) 626-5300
                                                    Fax:    (713) 402-6154

                                                    COUNSEL FOR RECEIVER


## CERTIFICATE OF SERVICE

On April 23, 2012, I electronically submitted the foregoing document with the clerk of court for the U.S. Bankruptcy Court, Southern District of Texas, using the CM/ECF electronic case filing system. I hereby certify that I have provided copies to all counsel of record electronically or by another manner authorized by Federal Rules of Civil Procedure 5(b)(2).


                                                    /s/   Thomas L. Taylor III
                                                    Thomas L. Taylor III